E-FILED
Wednesday, 19 March, 2014 12:51:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 02-30107 |
| | ) | |
| NOLAN RAMON NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Defendant Nolan Ramon Nelson under 18 U.S.C. § 3582(c)(2) to Reduce Sentence pursuant to a retroactive amendment to the sentencing guidelines. Pending also is the Defendant's Supplemental Motion to Reduce Sentence.

I.

On March 18, 2003, the Defendant entered into a written plea agreement [d/e 26], wherein he agreed to plead guilty to Count 1 of the Indictment which charged conspiracy to distribute 50 or more grams of cocaine base ("crack") and at least five kilograms of cocaine, in violation of

21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). The remaining counts were dismissed. On August 22, 2005, the Defendant was sentenced to 262 months imprisonment.

At sentencing, the Defendant's Offense Level was calculated to be 34 and his Criminal History Category was determined to be VI, which resulted in a Guideline Range of 262-327 months. Because of two previous felony drug offenses, the Defendant's statutory minimum at the time was life imprisonment which meant that his guideline range was life under U.S.S.G. § 5G1.1.

Following a motion by the Government under 18 U.S.C. § 3553(e), the Court imposed a sentence of 262 months.

The Defendant appealed his sentence, contending that the Court erred in its guideline calculation for the purposes of a starting base offense level prior to applying a reduction for substantial assistance. On June 21, 2007, the Seventh Circuit rejected the Defendant's argument and affirmed his sentence, ruling that:

> We affirm the judgment of the district court because we do not accept Nelson's argument that the sentencing judge erred in

> calculating his advisory range in a manner that most closely reflects a plain reading of the Guidelines. In reaching this conclusion, we also note that the district court's methodology resulted in a lower sentence than Nelson would have received if the court had used his life expectancy to calculate his reduced sentence.

United States v. Nelson, 491 F.3d 344, 346 (7th Cir. 2007).

Subsequently, the Defendant requested the assistance of the Federal Public Defender's Office in filing a motion for reduction of sentence based on the retroactive crack cocaine amendment. On February 19, 2008, the Federal Public Defender's Office was appointed to represent the Defendant. On April 2, 2008, the Court granted counsel's motion to withdraw. The Defendant did not further pursue a motion at that time.

On October 21, 2008, the Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence. See Nolan Nelson v. United States, Case No. 08-3235. On April 17, 2009, this motion was dismissed based on the Defendant's waiver of collateral attack contained in the Plea Agreement.

On February 12, 2013, he filed the instant motion. The Assistant Federal Public Defender was appointed and later permitted to withdraw.

Attorney J. Randall Cox was later appointed. In an Order entered on November 21, 2013, Mr. Cox was also allowed to withdraw.

In the November 21, 2013 Order, the Court noted that individuals seeking relief under § 3582 are not entitled to counsel at public expense. The Court directed the Government to Respond to the Defendant's Motion.

On December 16, 2013, the Government filed its Response. On February 19, 2014, the Defendant filed his Reply to the Response.

II.

The Defendant seeks a reduction under § 3582(c)(2) based on an amendment to the Sentencing Guidelines effective November 1, 2011, which lowered the base offense levels applicable to cocaine base ("crack") offenses.

The Defendant claims he was not sentenced as a career offender but was instead sentenced pursuant to a statutory minimum. The record shows that he was sentenced as a career offender (and subject to a mandatory minimum). The Judgment provides that the Court adopted the Presentence

4

Report and Guideline Range without change. See Doc. No. 54. The Presentence Report provided that based on a prior felony conviction involving the distribution of controlled substances and a prior violent felony conviction for aggravated battery, the Defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). See Doc. No. 50 ¶ 27. Accordingly, the Defendant was sentenced as a career offender.

Because the Defendant was sentenced as a career offender and subject to a statutory mandatory minimum penalty, he is not entitled to relief under the retroactive amendment. See United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009) (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under § 3582(c)(2)); see also United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2008) ("A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered.").

The Sentencing Commission does not have the authority to alter a statutory minimum penalty. The adoption of Amendment 750 altered the offense levels for crack offenses and applied the revision retroactively. It did not change the statutory mandatory minimum. In its synopsis of the amendment to Section 1B1.10(c), declaring Amendment 750 retroactive, the Sentencing Commission stated: "It is important to note that the inclusion of Amendment 750 (Parts A and C) in § 1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive."

Additionally, courts addressing Amendment 750 agree that the mandatory minimum provisions remain applicable to defendants originally sentenced before August 3, 2010, such that the new mandatory minimum provisions of the Fair Sentencing Act are inapplicable when determining a defendant's eligibility for a sentencing reduction under § 3582(c)(2). See United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013); United States v. Robinson, 697 F.3d 443, 444-45 (7th Cir. 2012).

The Defendant makes policy arguments as to why he believes individuals sentenced pursuant to statutory minimums before the Fair Sentencing Act's enactment should be entitled to relief. However, the Court is bound by Seventh Circuit precedent.

For these reasons, the Court lacks the authority to grant the requested relief.

<u>Ergo</u>, the Defendant's Motion under 18 U.S.C. § 3582 to Reduce Sentence [d/e 79] and his Supplemental Motion to Reduce Sentence [d/e 80] are both DENIED.

ENTER: March 19, 2014

                FOR THE COURT:

                                    s/Richard Mills
                                    Richard Mills
                                    United States District Judge